# ILLINOIS OFFICIAL REPORTS
## Appellate Court

---

### *People v. Vasquez*, 2013 IL App (2d) 120344

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALEXANDER VASQUEZ, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0344 |
| Filed<br>Rehearing denied | July 15, 2013<br>August 22, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although defendant's *pro se* postconviction petition filed after he served his sentence and completed his mandatory supervised release term was properly dismissed summarily for lack of standing in view of the fact that he was no longer in custody, the request he made for the first time on appeal from the dismissal of his postconviction petition to apply the credit he was entitled to for the time he spent in custody prior to sentencing against his drug assessment was granted, since the credit is mandatory, it cannot be waived, it can be raised for the first time on appeal, even in a postconviction proceeding, and his lack of standing under the postconviction statute did not bar the trial court from granting his request. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 02-CF-1177; the Hon. George J. Bakalis, Judge, presiding. |
| Judgment | Affirmed as modified. |

| Counsel on Appeal | Thomas A. Lilien and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant. |
| --- | --- |
| | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Kristin M. Schwind, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE SPENCE delivered the judgment of the court, with opinion. Presiding Justice Burke and Justice Jorgensen concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendant, Alexander Vasquez, appeals from the summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)). On appeal, defendant does not seek postconviction relief but instead seeks a $1,595 credit against a $3,000 drug assessment, for time spent in custody before he was sentenced, under section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14 (West 2002)). We modify the sentencing order.

¶ 2                                    I. BACKGROUND

¶ 3    On May 14, 2002, defendant was charged by indictment with unlawful delivery of a controlled substance (720 ILCS 570/401(a)(2)(B) (West 2002)) and unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(a)(2)(B) (West 2002)). Both charges were Class X felonies and involved 100 grams or more but less than 400 grams of cocaine. On May 19, 2004, pursuant to a verbal plea agreement, defendant pled guilty to both counts and was sentenced to two concurrent terms of 10½ years' imprisonment. Additionally, the plea negotiation established payment of a $3,000 controlled substance assessment, a $12,377 street value fine, a $200 DNA fee, a $100 lab fee, and a $100 "EMS" fee.

¶ 4    The trial court imposed a sentence in accordance with the agreement and credited defendant 319 days for time spent in presentencing custody. Defendant's prison term ended on May 2, 2008, and his term of mandatory supervised release (MSR) ended on May 2, 2011.

¶ 5    On September 4, 2008, defendant was indicted in a federal suit for conspiracy to distribute cocaine. As a result of the federal case, he was convicted and sentenced to 20 years in a federal penitentiary.

¶ 6    Several months after defendant completed his MSR term, on February 7, 2012, defendant

filed a *pro se* petition for postconviction relief alleging that his convictions here should be vacated because his attorney was ineffective. Defendant alleged that his attorney failed to advise him that his plea could be used to enhance subsequent convictions. Defendant's postconviction petition did not include a claim for monetary credit under the section 110-14.

¶ 7    On February 22, 2012, the trial court summarily dismissed defendant's postconviction petition. The trial court reasoned that defendant had no standing to file the petition given that he was no longer in custody on the Du Page County case. The court went on to find that, even if defendant had standing, the petition would fail because there was no legal requirement for a defendant to be advised that a guilty plea could be used against him at some future time.

¶ 8    Defendant timely appealed.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant does not reassert his ineffective-assistance-of-counsel claim but instead argues, for the first time, that he is entitled to $1,595 in credit against his drug assessment, for the time he spent in presentencing custody. Defendant contends that, although the instant issue involves a statutory right and not a constitutional violation, he may still apply for credit under section 110-14 (725 ILCS 5/110-14 (West 2002)) on appeal from the dismissal of his postconviction petition. Defendant argues that under *People v. Caballero*, 228 Ill. 2d 79, 83 (2008), applications for credit may be made for the first time on appeal from the denial of postconviction relief. The State responds that the Act does not allow defendant relief, because he lacked standing; at the time defendant filed his postconviction petition, he was not imprisoned on this case and his MSR term had ended.

¶ 11    Under the Act, individuals convicted of criminal offenses may challenge their convictions based on constitutional violations. *People v. Domagala*, 2013 IL 113688, ¶ 32. The Act provides a three-stage process for adjudication of postconviction petitions. *People v. English*, 2013 IL 112890, ¶ 23. At the first stage, the trial court is to review the petition and, if it is frivolous or patently without merit, the court is authorized to dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2010). In the event the trial court dismisses the petition at the first stage, as it did here, our review of that decision is *de novo. People v. Gulley*, 383 Ill. App. 3d 727, 731 (2008).

¶ 12    We begin by discussing *Caballero*, the case defendant relies on for his claim for monetary credit. In *Caballero*, the defendant was convicted of unlawful possession with intent to deliver a substance containing cocaine. *Caballero*, 228 Ill. 2d at 81. The defendant spent 116 days in jail before he was sentenced to 14 years' imprisonment and a fine. *Id.* at 82. While he was imprisoned, the defendant filed a petition for postconviction relief alleging ineffective assistance of counsel, which was dismissed by the trial court at the first stage for being frivolous and patently without merit. *Id.* On appeal, the defendant argued that the trial court erred in dismissing his petition, because it sufficiently alleged a constitutional claim. *Id.* Additionally, the defendant claimed for the first time on appeal that he was entitled to a credit of $5 for each of the days he spent in custody before sentencing. *Id.* The appellate court affirmed the trial court's dismissal of the defendant's petition but nevertheless held that

the defendant was entitled to the monetary credit. *Id.*

¶ 13    The supreme court affirmed the appellate court's decision and held that the defendant was entitled to the credit. *Id.* at 91. The court began by noting that the *per diem* monetary credit allowed "upon application by the defendant" under section 110-14 is mandatory, cannot be waived, and can be raised for the first time on appeal. *Id.* at 83. Though the State argued that the monetary credit is a statutory right, and not a constitutional right as required under the Act, the supreme court held that the statutory claim may be considered as an "application of the defendant" made under section 110-14 and may be raised at any stage, even on appeal in a postconviction proceeding. *Id.* at 83, 88. The court reasoned that section 110-14 is silent concerning any time frame or procedural stage during which such application either must or can be made, and allowing the defendant to receive the credit was justified as a ministerial act to end further proceedings and promote an orderly administration of justice. *Id.* at 87-88.

¶ 14    The State argues that *Caballero* is distinguishable from the instant case because the defendant in *Caballero* was imprisoned at the time he filed the postconviction petition and thus did not lack standing. Here, in contrast, the defendant had successfully completed his MSR term by the time he filed the postconviction petition. Although the court in *Caballero* held that a claim for monetary credit may be raised at any stage of the proceedings, the court was not presented with the issue of standing.

¶ 15    The State points out that, in order to have standing under the Act, a defendant must be imprisoned at the time the postconviction petition is filed. See 725 ILCS 5/122-1(a) (West 2010) (providing that "[a]ny person imprisoned in the penitentiary may institute a proceeding under this Article"). The issue of standing was addressed by our supreme court in *People v. Carrera*, 239 Ill. 2d 241 (2010), in which the supreme court held that because the defendant was not imprisoned in the penitentiary at the time he filed his postconviction petition, as required by section 122-1(a) of the Act, he could not invoke postconviction relief. *Id.* at 259. The supreme court determined that the trial court could not consider the defendant's claim of ineffective assistance of counsel and that the appellate court properly affirmed the dismissal of the postconviction petition on the basis that the defendant lacked standing to bring his claim. *Id.*

¶ 16    In order to overcome the standing hurdle, defendant argues that his lack of standing under the Act did not deprive the trial court of subject matter jurisdiction. We agree. Subject matter jurisdiction is defined as a court's power to hear and determine cases of the general class to which the proceeding in question belongs. *In re Luis R.*, 239 Ill. 2d 295, 300 (2010). Even a defectively stated claim is sufficient to invoke the court's subject matter jurisdiction, because subject matter jurisdiction does not depend upon the legal sufficiency of the pleadings. *Id.* at 301. In discussing subject matter jurisdiction, the supreme court explained that "the *only* consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine. If it does, then subject matter jurisdiction is present." (Emphasis in original.) *Id.*

¶ 17    In this case, the trial court had subject matter jurisdiction over defendant's *pro se* postconviction petition, notwithstanding his lack of standing to raise a constitutional claim

under the Act. Likewise, the trial court would have had subject matter jurisdiction over defendant's request for monetary credit for presentencing incarceration. See *People v. White*, 357 Ill. App. 3d 1070, 1073 (2005) (a trial court retains jurisdiction to correct nonsubstantial matters, such as amendment of the mittimus to reflect additional sentencing credit, after it has otherwise relinquished jurisdiction). Although defendant did not make his request for credit at the trial court level, his lack of standing under the Act does not bar him from seeking credit on appeal. See *Caballero*, 228 Ill. 2d at 88 (an application under section 110-14 may be raised at any time and at any stage of court proceedings, even on appeal in a postconviction proceeding). That is, we may review the issue of credit because the appeal of the dismissal of defendant's postconviction petition is properly before this court.

¶ 18 We note that cases are not uniform on the issues of standing and subject matter jurisdiction. For example, the State relies on a recent case, *People v. Vinokur*, 2011 IL App (1st) 090798, which did *not* involve an application for monetary credit under section 110-14 but did involve a lack of standing under the Act. In *Vinokur*, the defendant pled guilty to one count of possession of cannabis with the intent to deliver and was sentenced to 24 months' probation. *Id.* ¶ 3. After his probation was successfully completed, the defendant filed a postconviction petition alleging that his guilty plea was involuntary. *Id.* ¶ 4. The trial court summarily dismissed the defendant's petition based on a lack of standing. *Id.* The appellate court agreed that for the purposes of the Act the defendant was no longer imprisoned and thus had no standing to bring a postconviction petition. *Id.* ¶ 14.

¶ 19 In addition to arguing that his guilty plea was involuntary, the defendant in *Vinokur* argued that the appellate court could consider whether his sentence was void, because a void order can be attacked at any time. *Id.* ¶ 15. Citing *People v. Flowers*, 208 Ill. 2d 291, 308 (2003), the court noted that, although a void order can be attacked at any time, the issue of voidness must be raised in the context of a proceeding that is properly before the court. *Vinokur*, 2011 IL App (1st) 090798, ¶ 16. Because the defendant did not have standing to file a postconviction petition under the Act, the court concluded that the petition "was not properly before the trial court." *Id.* ¶ 18. The court stated that, although the appeal before it was proper, it could not consider the merits but had the authority to determine only whether the trial court was correct in dismissing the defendant's petition for lack of standing. *Id.* ¶¶ 17-18.

¶ 20 Relying on *Vinokur*, the State argues that defendant's postconviction claim was not properly before the trial court. The State argues that, because defendant lacked standing to file a postconviction petition under the Act, it follows that this court may not consider the merits of defendant's request for credit but must determine only whether the trial court was correct in finding that defendant lacked standing.

¶ 21 The problem with the reasoning in *Vinokur* is that it conflates the legal principles of standing and subject matter jurisdiction. In *Flowers*, which the *Vinokur* court relied on, the supreme court found that the trial court lacked subject matter jurisdiction to hear the defendant's motion to reconsider, meaning that the trial court had no authority to consider the merits of the defendant's motion and that its ruling was void. *Flowers*, 208 Ill. 2d at 306. This was not the situation in *Vinokur*, where the trial court had subject matter jurisdiction over the defendant's postconviction petition. Though the defendant in *Vinokur* lacked

standing to file a postconviction petition to address his constitutional claim, the defendant's lack of standing did not divest the trial court of subject matter jurisdiction, and thus the reviewing court could consider the defendant's voidness challenge. *Cf. id.* at 307 ("Because the circuit court had no jurisdiction \*\*\*, the appellate court, in turn, had not authority to consider the merits of her appeal from the circuit court's judgment \*\*\*.").

¶ 22    We believe that this issue was correctly analyzed in *People v. Henderson*, 2011 IL App (1st) 090923, wherein the court disagreed with the *Vinokur* court's determination that a lack of standing has the same effect as the jurisdictional defect addressed in *Flowers*. *Henderson*, 2011 IL App (1st) 090923, ¶ 40. The *Henderson* court correctly noted that "[s]tanding has no effect on subject matter jurisdiction" in Illinois. *Id.*; see also *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 254 n.4 (2010) (though under federal law standing is a threshold question under the case-or-controversy requirement of article III of the United States Constitution (U.S. Const., art. III, § 2), the Illinois Supreme Court is not required to follow federal law on issues of standing and has expressly rejected federal principles of standing). Even though the *Henderson* court determined that the defendant had lost standing under the Act because his MSR term ended while the appeal of the dismissal of his postconviction petition was pending,[1] the court reasoned that the issue of whether the defendant's conviction was void was properly before it. *Henderson*, 2011 IL App (1st) 090923, ¶¶ 40-41. The court noted that the parties had not challenged its or the trial court's jurisdiction (*id.* ¶ 40), an issue distinct from standing.

¶ 23    While defendant does not make a voidness challenge here, but rather makes a request for monetary credit under section 110-14, our analysis of standing and subject matter jurisdiction is the same. As stated, under *Caballero*, 228 Ill. 2d at 88, an application for monetary credit under section 110-14 may be raised at any time and at any stage of court proceedings, even on appeal in a postconviction proceeding. Because defendant's lack of standing under the Act did not equate to a lack of subject matter jurisdiction, the trial court had subject matter jurisdiction to consider defendant's postconviction petition, and this court may consider defendant's request for monetary credit.

¶ 24    Regarding the merits of defendant's claim that he is entitled to a monetary credit of $1,595 (319 days' credit for time served multiplied by $5), the State makes no argument, aside from standing, that defendant should not receive this sum. Credit under section 110-14 operates to offset fines, and the $3,000 drug assessment that defendant was ordered to pay is a fine. See *People v. Jones*, 223 Ill. 2d 569, 580, 588 (2006). Therefore, under Illinois Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967), we modify the trial court's sentencing order to reflect that defendant is entitled to a $1,595 credit to offset his $3,000 drug assessment.

¶ 25                                    III. CONCLUSION

¶ 26    Because defendant was not imprisoned on this case or serving his MSR term at the time he filed his *pro se* postconviction petition, he had no standing to seek any relief under the

---

[1]We do not necessarily agree with this determination.

Act. However, defendant's lack of standing to seek relief under the Act does not preclude this court from granting his request for monetary credit under section 110-14. Therefore, we affirm the Du Page County circuit court's judgment summarily dismissing defendant's petition for lack of standing, and we modify the sentencing order to reflect a credit of $1,595 against his drug assessment.

¶ 27　　　Affirmed as modified.