# Illinois Official Reports

## Appellate Court

***Deutsche Bank National Trust v. Cichosz*, 2014 IL App (1st) 131387**

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST, Plaintiff-Appellee, v. ANNA CICHOSZ AND MACIEJ RENG, UNKNOWN OWNERS AND NONRECORD CLAIMANTS, Defendants-Appellants. |
| District & No. | First District, Third Division<br>Docket No. 1-13-1387 |
| Filed | September 10, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the mortgage and note underlying the instant mortgage foreclosure action had been assigned to plaintiff after the initial mortgage foreclosure action was filed, the original plaintiff was no longer the mortgagee or complainant, and even if defendants' claims that the original plaintiff was operating as an unlicensed debt collector were true, defendants did not explain how the original plaintiff's activities would have rendered all of the pleadings in the case a nullity; therefore, the entry of summary judgment for plaintiff, the confirmation of the sale, and the distribution of the property were affirmed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-11323; the Hon. Daniel P. Brennan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Stephen D. Richek, of Law Office of Stephen D. Richek, of Chicago, for appellants.

Justin F. Carter, of Morris, Laing, Evans, Brock & Kennedy, Chtrd., of Chicago, for appellee.

Panel

JUSTICE LAVIN delivered the judgment of the court, with opinion. Presiding Justice Howse and Justice Fitzgerald Smith concurred in the judgment and opinion.

## OPINION

The plaintiff, Deutsche Bank National Trust (Deutsche Bank), succeeded to this action under the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2012)), seeking foreclosure on property owned by defendants Anna Cichosz and Maciej Reng (defendants).[1] The trial court granted Deutsche Bank summary judgment and subsequently confirmed the sale and distribution of defendants' property. Defendants' timely appeal argues that all orders relating to the judgment of foreclosure are void because the original plaintiff and mortgagee, Mortgage Electronic Registration Systems, Inc. (MERS), operated as an unregistered "debt collection agency" under the Collection Agency Act (Act) (225 ILCS 425/1 *et seq.* (West 2012)), thereby nullifying the original complaint. We affirm.

BACKGROUND

The limited common law record reveals the following facts which animate our disposition. On March 12, 2009, MERS filed the present action against defendants seeking foreclosure of the residential property located at 104 S. Maple Lane in Prospect Heights, Illinois. According to the complaint and attached mortgage documents, defendants obtained a mortgage for the subject property on September 29, 2006, for $287,000. The mortgage listed MERS, a Delaware corporation, as the mortgagee and stated MERS was acting as "nominee" for the "Lender and Lender's successors and assigns." MERS is well known in the foreclosure setting as a membership organization that typically records, trades, and forecloses loans on behalf of many lenders, acting for lender accounts rather than their own. *Mortgage Electronic Registration Systems, Inc. v. Estrella*, 390 F.3d 522, 524-25 (7th Cir. 2004). Here, the mortgage identified the "Lender" as WMC Mortgage Corp., a California corporation. The accompanying note identified WMC Mortgage Corp. as having the beneficial interest in the subject property. However, by the time MERS filed the foreclosure action, MERS asserted it was holder of both the note and the mortgage. Defendant Reng filed a *pro se* answer admitting that fact and also admitting the assertions of default.

---

[1]The foreclosure action filed against unknown owners and nonrecord claimants was later dismissed as to those parties.

¶ 4 On October 28, 2009, apparently in response to MERS's motion, the court ordered substitution of plaintiffs, replacing MERS with Deutsche Bank, "as trustee under pooling and servicing agreement dated as of January 1, 2007 securitized asset backed receivables LLC trust 2007-HE1 mortgage pass-through certificates, series 2007-HE1."

¶ 5 On February 4, 2010, Deutsche Bank filed motions for summary judgment, judgment of foreclosure, and an order for sale against defendants. Deutsche Bank alleged there were no issues of material fact or law contradicting the money due by defendants. Deutsche Bank attached an affidavit from the keeper of records stating Deutsche Bank was the current holder and owner of the note and mortgage and was thus entitled to foreclose on the property.

¶ 6 On February 16, 2010, counsel filed an appearance on behalf of defendants, and meanwhile, Deutsche Bank retained new counsel. Some two years later, counsel for defendants apparently filed an amended answer to the complaint denying the default and any liability for deficiencies. Defendants neither admitted nor denied that Deutsche Bank was holder of both the note and mortgage. In a scheduling order, the court held that defendant Reng's *pro se* answer should stand and the amended answer was on behalf of only defendant Cichosz.

¶ 7 On June 8, 2012, Deutsche Bank filed another motion for summary judgment arguing, as before, that there was no genuine issue of material fact or law precluding the foreclosure judgment in its favor.

¶ 8 On June 14, 2012, the circuit court granted Deutsche Bank's motion for summary judgment and entered a judgment of foreclosure and sale against defendants for a total debt of $407,690.66. Although both Deutsche Bank in its final summary judgment motion and the court in its order referenced defendants' affirmative defenses, these defenses do not appear in the record on appeal.

¶ 9 The sale took place at public auction on November 9, 2012. Deutsche Bank subsequently filed a motion to approve the report of sale and distribution of the subject property, as a judicial foreclosure sale is not complete until it has been approved by the trial court. See *Commercial Credit Loans, Inc. v. Espinoza*, 293 Ill. App. 3d 923, 927 (1997). On March 5, 2013, defendants filed a response to the motion and for the first time argued that MERS was an unlicensed debt collector in violation of the Act, and because MERS filed the original action, this rendered the judgment void. Defendants attached an affidavit from the records keeper for the Illinois Department of Financial and Professional Regulation, stating that MERS was not licensed under the Act. Deutsche Bank responded, asserting defendants forfeited their argument by failing to raise it previously and, regardless, defendants failed to allege specific facts in support of their claim. Deutsche Bank asserted the Act was inapplicable because, per section 2.03, MERS operated a business other than a collection agency, making it exempt. See 225 ILCS 425/2.03 (West 2012).

¶ 10 Finding defendants' arguments unpersuasive, on April 2, 2013, the court confirmed the sale and distribution of the subject property. This appeal followed.

¶ 11 ANALYSIS

¶ 12 Defendants argue now, as they did below, that the original complaint filed by MERS is a nullity, voiding all subsequent orders relating to the judgment of foreclosure, because MERS allegedly operated as an unregistered "debt collection agency" under the Act (225 ILCS 425/1

*et seq.* (West 2012)). Although defendants failed below to cite a statutory source for this challenge of the judicial sale, they now point to section 15-1508(b)(iv) of the Foreclosure Law (735 ILCS 5/15-1508(b)(iv) (West 2012)), which governs confirmation of judicial sales. Defendants assert that since MERS operated as an unregistered debt collection agency, this essentially was a violation of public policy, "justice was not otherwise done" in this case, and thus the trial court was required to decline the confirmation of sale.

¶ 13        Indeed, a motion requesting confirmation of a judicial sale invokes section 15-1508(b), which mandates that a circuit court hold a hearing and then confirm the judicial sale unless one of four stated exceptions applies, including that "justice was otherwise not done." 735 ILCS 5/15-1508(b)(iv) (West 2012); *Bayview Loan Servicing, LLC v. 2010 Real Estate Foreclosure, LLC*, 2013 IL App (1st) 120711, ¶ 32. The justice provision under section 15-1508(b)(iv) acts as a safety valve to allow the court to vacate the judicial sale and, *in rare cases*, the underlying judgment, based on traditional equitable principles. *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 25. An interested party seeking to oppose the judicial sale bears the burden of proving that sufficient grounds exist to disapprove a judicial sale. *Bayview Loan Servicing*, 2013 IL App (1st) 120711, ¶ 32. This standard requires both a meritorious defense to the underlying judgment and proof that justice was not otherwise done because the lender, through fraud or misrepresentation, prevented the borrower from raising his meritorious defenses to the complaint at an earlier time in the proceedings, or the borrower has equitable defenses that reveal he was otherwise prevented from protecting his property interests. *McCluskey*, 2013 IL 115469, ¶ 26. The provisions of section 15-1508 confer on circuit courts broad discretion in approving or disapproving judicial sales, and as a result, a court's decision to confirm or reject a judicial sale under the statute will not be disturbed absent an abuse of that discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008).

¶ 14        In response to defendants' assertions relating to MERS's status under the Act, Deutsche Bank initially argues that defendants forfeited review of their contentions because the matter constitutes an affirmative defense similar to standing which defendants failed to raise in a timely manner. See *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252-53 (2010). Defendants counter, a claim that a foreclosure proceeding is premised on a void judgment may be raised at any time. In support, defendants cite cases wherein the issue of voidness related to a question of the court's jurisdiction. See *People v. Vasquez*, 2013 IL App (2d) 120344, ¶ 21 (a lack of standing does not divest the trial court of subject matter jurisdiction and thus the reviewing court can consider the issue of voidness). We would clarify that this case addresses whether the original complaint is a nullity and the resulting judgment is void for public policy reasons. See *First Mortgage Co. v. Dina*, 2014 IL App (2d) 130567, ¶ 25 (noting, in reference to the enforceability of mortgages made by allegedly unlicensed mortgage lenders, that a court may, and indeed should, consider *sua sponte* whether a contract provision violates public policy). While such a challenge may be raised for the first time on appeal, we conclude the pleadings together with the total record must be sufficient to establish the claim of nullity or voidness under the law. Here, defendants have demonstrably failed to set forth sufficient facts to establish that MERS is subject to the Act, let alone that this inquiry is even relevant since MERS is no longer the plaintiff on record.

¶ 15        The purpose of the Act is to "protect consumers against debt collection abuse." 225 ILCS 425/1a (West 2012). It broadly bars any "collection agency" from operating in this state, engaging in the business of debt collection, or exercising its right to collect without first

registering under the Act. 225 ILCS 425/4 (West 2012). The Act defines a "collection agency" or "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." 225 ILCS 425/2 (West 2012). A "consumer credit transaction" under the Act is defined as a "transaction between a natural person and another person in which property, service, or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." *Id*. Similarly, a debt is money, property, or the equivalent that is due and owing. *Id*. The Act, however, does not apply "to persons whose collection activities are confined to and are directly related to the operation of a business other than that of a collection agency," including but not limited to, "[b]anks, including trust departments, affiliates, and subsidiaries thereof, fiduciaries, and financing and lending institutions (except those who own or operate collection agencies); [and] *** [l]oan and finance companies." 225 ILCS 425/2.03 (West 2012).

¶ 16    Defendants argue that MERS was acting as a collection agency for the lender when foreclosing on defendants and therefore MERS fits within the purview of the Act. See 225 ILCS 425/3 (West 2012). Although defendants presented evidence demonstrating that MERS was not licensed in Illinois as a debt collection agency, they failed to present any evidence that the Act in fact applied to MERS or that the type of loan servicing MERS conducts is equivalent to debt collection. See *Bayview Loan Servicing*, 2013 IL App (1st) 120711, ¶ 35. Likewise, there is no evidence demonstrating that MERS is not exempt from the registration requirements. See *id*. Bare allegations are insufficient to unravel a judicial sale, especially in light of this court's past suggestion that mortgage foreclosure is not the collection of a debt. See *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶¶ 30, 32, 35. It was defendants' burden to establish grounds for disapproving the judicial sale, and they fell manifestly short of fulfilling it. See *Bayview Loan Servicing*, 2013 IL App (1st) 120711, ¶ 35.

¶ 17    In reaching this conclusion, we find defendants' reliance on *LVNV Funding, LLC v. Trice*, 2011 IL App (1st) 092773, to be misplaced. *LVNV Funding* held that a complaint filed by an unregistered collection agency is a nullity upon which no later judgment can survive. *LVNV Funding*, 2011 IL App (1st) 092773, ¶ 19. In *LVNV Funding*, unlike in this case, the appellate court, while conducting *de novo* review, found the pleadings set forth in the motion filed under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)) were sufficient. *LVNV Funding*, 2011 IL App (1st) 092773, ¶ 16 (noting that given the procedural posture, the court had to assume the allegations were true). This case reaches us at a different procedural stage and without adequate evidence submitted. Distinguishing factors aside, we question the continued viability of *LVNV Funding*, which is now pending before the Illinois Supreme Court (appeal allowed, No. 116129 (oral argument held May 14, 2014)). To support its holding that the complaint was a nullity, the *LVNV Funding* court analogized unregistered debt collection to the unauthorized practice of law, but in *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, ¶ 30, our supreme court recently held that a *per se* nullity rule is unreasonable in the context of complaints filed by nonlawyers and judgments rendered thereon; rather, the nullity rule should be invoked only where it fulfills the purposes of protecting both the public and the integrity of the judicial system from the actions of the unlicensed, and only where no alternative remedy is possible. The court stated the matter was subject to equitable considerations by the circuit court and, in that sense, abrogated the principal holding of *LVNV Funding*. *Id*. ¶ 31. Thus, applying *Downtown Disposal* to the present case, if defendants had set forth adequate allegations in their section 15-1508(b)(iv)

motion demonstrating MERS was not a registered collection agency, this would not have automatically rendered the complaint and judgments entered thereon a nullity.

¶ 18　　Lastly, even assuming MERS were acting as an unregistered debt collection agency, MERS is no longer the mortgagee or complainant. Rather, the record indicates the mortgage and underlying note were assigned to the current plaintiff, Deutsche Bank. Defendants raise no explanation as to why MERS's alleged activities as an unlicensed debt collector would render all subsequent pleadings, even those relating to a new plaintiff licensed under the Act, a nullity. For all intents and purposes, it seems a new plaintiff would have cured the alleged defect.

¶ 19　　　　　　　　　　　　　　　　　CONCLUSION
¶ 20　　For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 21　　Affirmed.