2020 IL App (1st) 190910-U

No. 1-19-0910

Order filed March 17, 2020.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee for Blue Water Investment Trust 2018-1, successor in interest to Wells Fargo Bank, N.A., | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 2017 CH 16998 |
| | ) | |
| RITA Y. SHAH, a/k/a RITA SHAH, | ) ) | |
| Defendant-Appellant, | ) ) | |
| (Yogeshchandra Shah; Phoenix Reo, LLC; CitiBank National Association, f/k/a CitiBank (South Dakota), N.A.; and Unknown Owners and Non-Record Claimants, Defendants). | ) ) ) ) | The Honorable Patricia S. Spratt, Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   In this mortgage foreclosure case, the circuit court neither erred in denying the property owner's vacatur motion, nor in confirming the judicial sale.

¶ 2    Plaintiff, U.S. Bank Trust National Association (U.S. Bank), succeeded to this action under the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101, *et seq.* (West 2016)), seeking foreclosure on property owned by defendant, Rita Shah. The circuit court entered summary judgment against Shah, as well as a judgment of foreclosure and sale, permitting U.S. Bank to sell the property. Shah later moved, unsuccessfully, for a vacation of those judgments under section 2-1301(e) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1301(e) (West 2016)). The property was sold at a judicial sale and the sale was confirmed. We affirm.

¶ 3                                    BACKGROUND

¶ 4    In late December 2017, Wells Fargo Bank, N.A. (Wells Fargo), filed a foreclosure complaint against Shah, after she defaulted on a loan obligation that was secured by a mortgage on her home, located at 1100 Porter Road in Park Ridge. Shah was served with process ten days later. Nevertheless, she waited nearly five months before filing her appearance and answer, which, notably, alleged no affirmative defenses to Wells Fargo's complaint.

¶ 5    Shortly thereafter, Wells Fargo filed motions for summary judgment and a judgment of foreclosure and sale against Shah. Wells Fargo filed and mailed Shah a notice of those motions on June 20, 2018. The notice indicated that the motions would be presented to the circuit court at a hearing on July 10, 2018.

¶ 6    Following that hearing, the circuit court granted Wells Fargo's motion for summary judgment and entered a judgment of foreclosure and sale against Shah. Meanwhile, U.S. Bank stepped into the shoes of Wells Fargo, having been assigned the mortgage for Shah's property.[1]

---

[1]U.S. Bank became the successor in interest on August 15, 2018. The record shows that the assignment was recorded with the Cook County Recorder of Deeds on August 16, 2018.

¶ 7    About three months after the circuit court hearing, Shah filed a motion to vacate the judgments against her, claiming they had been entered before she received notice of Wells Fargo's motions for summary judgment and a judgment of foreclosure. We note, however, that Shah is inconsistent in her claim as to when she received notice of Wells Fargo's motions.[2] In any event, the circuit court denied her motion, finding, albeit incorrectly, that a section 2-1301(e) motion was "improper at [the] current juncture of the matter."

¶ 8    Shah's property was sold at a judicial sale to Wells Fargo, and the sale was confirmed on March 27, 2019.

¶ 9    Shah now appeals, contending that the circuit court's denial of her vacatur motion deprived her of due process because the underlying summary judgment and judgment of foreclosure had been entered before she received notice of Wells Fargo's motions. For the same reasons, Shah contends that the court erred in confirming the sale because justice was otherwise not done.

¶ 10                              ANALYSIS

¶ 11    Initially, we note that Shah has not included transcripts or a report of proceedings from any hearing below, or an appropriate alternative under Illinois Supreme Court Rule 323(c), (d) (eff. July 1, 2017), such as a bystander's report or an agreed statement of facts. As the appellant, Shah bears the burden of presenting a sufficiently complete record of the proceedings below to support her claims of error, and any doubts arising from the record's inadequacy are resolved against her. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Furthermore, in the absence of a

---

[2]Shah's vacatur motion alleges that she received the notice on July 11, 2018, yet Shah's affidavit attached to that motion contrarily alleges that she received it on July 12, 2018. Shah, still unsure, alleges in her appellate brief that she received the notice on July 11, 2018.

complete record, we must presume that the circuit court acted in conformity with the law and had a sufficient factual basis for its ruling. *Id*. at 392.

¶ 12     This first issue is whether Shah's vacatur motion was timely. Section 2-1301(e) of the Code allows a party "to seek relief from any nonfinal order of default or default judgment or from a final default judgment within 30 days of its entry." (Internal quotation marks omitted.) *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 12; see also 735 ILCS 5/2-1301(e) (West 2016)). Where, as here, the judgment of foreclosure does not contain a finding under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2018), then the order confirming the sale operates as the final and appealable order. *McCluskey*, 2013 IL 115469, ¶ 12. Thus, a motion to vacate a foreclosure judgment brought before the order confirming the sale would be timely. *Id*.

¶ 13     Because Shah filed her section 2-1301(e) motion in this case before the order confirming the sale was entered, it was timely. It is unclear, then, why the circuit court's order contains a finding that her motion was "improper at [the] current juncture of the matter" and, as stated, Shah has not provided a report of proceedings containing the court's oral explanation of its ruling. See Ill. S. Ct. R. 323(a) (eff. July 1, 2017). Nevertheless, we may affirm the lower court's judgment on any basis supported by the record, regardless of whether the court relied on that basis or whether its reasoning was correct. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 16. Also, we will not disturb the circuit court's decision denying a motion to vacate absent an abuse of discretion. *Standard Bank & Trust Co. v. Madonia*, 2011 IL App (1st) 103516, ¶ 8.

¶ 14     With that in mind, we reject Shah's entirely specious argument that the circuit court's denial of her vacatur motion was in error because she did not receive timely notice of Wells Fargo's motions for summary judgment and a judgment of foreclosure. We note, however, that Shah does not assert that the notice was improperly served and has failed to develop a legal

argument in her appellate brief, asserting that proper service of a notice is determined by the recipient's availability to receive it, as required by Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018).[3]

¶ 15    In any event, Shah was timely served with the notice of Wells Fargo's motions, regardless of when she received it. Illinois Supreme Court Rule 12 (eff. July 1, 2017) provides that "[s]ervice by U.S. mail is complete four days after mailing." As set forth above, Wells Fargo mailed the notice to Shah on June 20, 2018.[4] Therefore, service of the notice was complete on June 24, 2018. The fact that Shah did not personally receive the notice of Wells Fargo's motions until after the hearing on them does not invalidate the service.

¶ 16    To the extent Shah asserts that a "due process violation exists" notwithstanding Wells Fargo's satisfaction of the notice requirements, she has again failed to provide a reasoned argument or citation to pertinent authority to support her claim of error. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). Accordingly, we conclude that Shah's due process rights in this case were not violated and that the circuit court did not abuse its discretion in denying her vacatur motion.

¶ 17    Turning to Shah's challenge to the circuit court's order confirming the sale, section 15-1508(b) of the Foreclosure Law provides that, upon a motion to confirm a judicial sale, the court must confirm the sale unless one of the four exceptions applies, including where "justice was

---

[3]To the extent Shah asserts, for the first time in her reply brief, that the notice of Wells Fargo's motions was improper under Illinois Supreme Court Rule 12 (eff. July 1, 2017), this issue is forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (stating that "[p]oints not argued are forfeited and shall not be raised in the reply brief); see also *In re Marriage of Winter,* 2013 IL App (1st) 112836, ¶ 29 (stating that an appellant's arguments must be made in the opening brief and cannot be raised for the first time in the reply brief).

[4]Notably, Wells Fargo mailed the notice 20 days before the circuit court hearing was held on July 10, 2018, in accordance with Cook County Circuit Court Rule 2.1(c)(i) (Aug. 21, 2000).

otherwise not done." See 735 ILCS 5/15-1508(b)(iv) (West 2018); see also *Deutsche Bank National Trust v. Cichosz*, 2014 IL App (1st) 131387, ¶ 13.

¶ 18    While the statute does not expressly define what constitutes injustice, courts have exercised discretion in refusing to confirm a judicial sale under the justice provision only where fraud or unfairness has been shown that is prejudicial to an interested party. See *McCluskey*, 2013 IL 115469, ¶ 19. Additionally, the party opposing the sale bears the burden of proving that an exception exists. *Cichosz*, 2014 IL App (1st) 131387, ¶ 13. We will not disturb the circuit court's decision to confirm a judicial sale absent an abuse of discretion. *Id*.

¶ 19    Here, it was Shah's burden to show that justice was otherwise not done and she fell manifestly short of fulfilling it. In addition to the fact that Shah has not provided any legal authority to support her claims of error (see Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018)), she has not shown, or even argued, the existence of fraud or unfairness, such that she was prejudiced by the confirmation of the sale. Instead, Shah has asserted an affirmative defense by arguing that Wells Fargo lacked standing to pursue the foreclosure action. Shah, however, has forfeited this issue, having failed to raise it before U.S. Bank moved to confirm the sale.[5] See *McCluskey*, 2013 IL 115469, ¶ 26 (stating that "[a]fter a motion to confirm the sale has been filed, it is not sufficient under section 15-1508(b)(iv) to merely raise a meritorious defense to the complaint"); see also *Deutsche Bank National Trust Co. v. Snick*, 2011 IL App (3d) 100436, ¶ 9. Accordingly, we conclude that the circuit court did not abuse its discretion in confirming the sale.

¶ 20                              CONCLUSION

¶ 21    For the foregoing reasons, we affirm the circuit court's judgment.

¶ 22    Affirmed.

---

[5]Shah first asserted the defense of standing on March 6, 2019, more than three months after U.S. Bank's motion to confirm the sale had been filed.