# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469

---

| | |
|---|---|
| Caption in Supreme Court: | WELLS FARGO BANK, N.A., Appellant, v. KATIE McCLUSKEY, Appellee. |
| Docket No. | 115469 |
| Filed | November 21, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where vacation of a default judgment of mortgage foreclosure and a setting aside of the judicial sale is sought, civil procedure law may be utilized prior to a motion to confirm the sale, but not after, when the more restrictive foreclosure statute governs—denial of relief to debtor upheld under even the more liberal civil procedure law. |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Du Page County, the Hon. Robert G. Gibson, Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Circuit court judgment affirmed. |

| Counsel on Appeal | James V. Noonan and Michael H. Walsh, of Noonan & Lieberman, Ltd., of Chicago, for appellant. |
| | |
| | Julia Topik and Mark A. Laws, both of Chicago, and Lloyd Brooks, of Matteson, for appellee. |

| Justices | JUSTICE THEIS delivered the judgment of the court, with opinion. |
| | Chief Justice Garman and Justices Freeman, Kilbride, Karmeier, and Burke concurred in the judgment and opinion. |
| | Justice Thomas took no part in the decision. |

**OPINION**

¶ 1 In this residential mortgage foreclosure action, we are asked to consider whether, after a judicial sale of property, a party may seek to vacate an underlying default judgment of foreclosure under section 2-1301(e) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1301(e) (West 2010)) or whether the Illinois Mortgage Foreclosure Law (the Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2010)) governs the mode of procedure. For the reasons that follow, we hold that after a motion to confirm the judicial sale has been filed, the Foreclosure Law governs.

¶ 2                                     BACKGROUND

¶ 3 In 2009, Katie McCluskey executed a promissory note in the principal amount of $330,186 secured by a mortgage on her home. The mortgage was held by Wells Fargo Bank, N.A. McCluskey subsequently defaulted on the loan obligation. In July 2010, Wells Fargo initiated foreclosure proceedings pursuant to the Foreclosure Law. McCluskey was served with process on July 20, 2010, but did not answer or otherwise plead. Thereafter, on October 18, 2010, the circuit court entered an order of default and judgment of foreclosure. The judgment indicated that the statutory period of redemption would expire on February 20, 2011, after which time the property would be sold.

¶ 4 On February 24, 2011, seven months after the judgment of foreclosure was entered, and on the date set for judicial sale, McCluskey, through counsel, filed an emergency motion to stay the sale and to vacate the default judgment. Therein, she acknowledged service of process and that she was in default on the loan. She explained that she diligently sought a loan forbearance or loan modification agreement with the bank, but was unable to reach an agreement. She further explained that her husband had obtained new employment and was now able to make the monthly payments on their mortgage. At the hearing on the motion, the

parties settled on an agreed order pursuant to which McCluskey withdrew her motion to vacate the default judgment, and Wells Fargo agreed to postpone the judicial sale for 75 days to allow McCluskey to negotiate a loan modification agreement with the bank.

¶ 5    Negotiations on the loan were unsuccessful and, on May 12, 2011, the rescheduled date for the judicial sale, Wells Fargo was the successful bidder on the property at a purchase price of $235,985.69. On May 26, 2011, 10 months after the judgment of foreclosure, McCluskey, through new counsel, filed a new motion to vacate the default judgment and set aside the sale pursuant to section 2-1301(e) of the Code. Therein, McCluskey alleged for the first time that she had meritorious defenses to the complaint, including that (1) the affidavit in support of the judgment of foreclosure was not in compliance with the requirements of Supreme Court Rule 191 because the loan officer did not have personal knowledge of the facts of the case; and (2) evidence existed that Wells Fargo was not the current holder of the note and, therefore, lacked standing to bring suit.

¶ 6    On August 30, 2011, following a hearing, the circuit court denied McCluskey's motion to vacate, finding that she had waived her objections to the default and had voluntarily withdrawn her original motion in return for the postponement of the judicial sale. Since she had received the benefit of the parties' agreement, and had agreed that the sale could go forward on the postponed date absent an agreement on the loan negotiations, the court determined that she could not now seek to rescind her agreement. Additionally, the court entered an order, over McCluskey's objection, confirming the judicial sale and finding that: (1) all notices required by the Foreclosure Law were given; (2) the sale was fairly and properly made; (3) the sale proceeded in accordance with the terms of the court's judgment; and (4) justice was done. McCluskey filed her notice of appeal, challenging the court's ruling on the motion to vacate the default judgment. She did not challenge the order confirming the sale of the property. Thereafter, her motions to stay the execution of the judgment were denied in both the circuit court and appellate court.

¶ 7    On appeal, McCluskey argued that the circuit court abused its discretion in denying her motion to vacate the judgment of foreclosure. Wells Fargo maintained that the motion to vacate the default pursuant to section 2-1301(e) of the Code conflicted with section 15-1508(b) of the Foreclosure Law, which governs the mode of procedure for confirming a judicial sale. In support, Wells Fargo relied upon *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1 (2010). *Barnes* held that the Foreclosure Law takes precedence over any inconsistent statutory provisions, and that a borrower could not utilize section 2-1301(e) to circumvent section 15-1508(b) of the Foreclosure Law after the motion to approve the sale had been filed because section 15-1508(b) limits the court's discretion to refuse confirmation of the sale to four specified grounds and is therefore more restrictive than section 2-1301(e). *Id.* at 4-5.

¶ 8    The appellate court reversed, rejecting *Barnes*, and, instead, relying upon *Merchants Bank v. Roberts*, 292 Ill. App. 3d 925 (1997), held that the Foreclosure Law does not preclude the circuit court from granting relief under section 2-1301(e) following a judicial sale if the movant can present a compelling excuse for lack of diligence, as well as a meritorious defense to the underlying judgment. 2012 IL App (2d) 110961, ¶ 13. The court remanded the matter to the circuit court to exercise its discretion and consider McCluskey's

motion under the standards applicable to section 2-1301(e) of the Code. 2012 IL App (2d) 110961, ¶ 18. We allowed Wells Fargo's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 9                                                   ANALYSIS

¶ 10        Wells Fargo contends that the appellate court erred in holding, contrary to *Barnes*, that a borrower may seek to vacate a default judgment of foreclosure, after the judicial sale, under the standards of section 2-1301(e) of the Code. The resolution of this conflict involves the relationship between section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2010)) and section 15-1508(b) of the Foreclosure Law (735 ILCS 5/15-1508(b) (West 2010)). The issue is one of statutory construction, a question of law, which we review *de novo*. *LaSalle Bank National Ass'n v. Cypress Creek 1, LP*, 242 Ill. 2d 231, 237 (2011).

¶ 11        Section 2-1301(e) of the Code sets forth the terms under which the court may exercise its discretion to set aside any default, and the terms under which it may entertain that motion:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2010).

¶ 12        Section 2-1301(e) is generally available "to seek relief from any nonfinal order of default or default judgment or from a final default judgment within 30 days of its entry." 4 Richard A. Michael, Illinois Practice § 42:5, at 516 (2d ed. 2011). In the context of a mortgage foreclosure proceeding, it is well settled that in the absence of a Supreme Court Rule 304(a) finding in the judgment of foreclosure, "it is the order confirming the sale, rather than the judgment of foreclosure, that operates as the final and appealable order in a foreclosure case." *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11. Accordingly, a motion to vacate a default judgment of foreclosure brought before the order confirming the sale or within 30 days thereafter would be timely.

¶ 13        Wells Fargo initially maintains that to allow a motion to vacate a default judgment of foreclosure after the judicial sale has taken place, even if the motion is timely, would be inconsistent with the procedures set forth in section 15-1508(b) of the Foreclosure Law, which govern the confirmation of judicial sales.

¶ 14        Section 15-1508(b) of the Foreclosure Law provides:

> "Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice [of the sale] *** was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently or (iv) that justice was otherwise not done, the court shall then enter an order confirming the sale." 735 ILCS 5/15-1508(b) (West 2010).

¶ 15        In considering the laws governing the interplay between these two procedural statutes, article II, section 1-108(a), of the Code provides in pertinent part that "[t]he provisions of Article II *** apply to all proceedings covered by Articles III through XIX of this Act except

-4-

as otherwise provided in each of the Articles III through XIX, respectively." 735 ILCS 5/1-108(a) (West 2010). Article XV, which governs the Foreclosure Law, provides that generally article II governs the mode of procedure, but if inconsistent with the provisions of the Foreclosure Law, then the Foreclosure Law controls. 735 ILCS 5/15-1107(a) (West 2010); *Teerling Landscaping, Inc. v. Chicago Title & Trust Co.*, 271 Ill. App. 3d 858, 866 (1995). Thus, we must determine whether the standards applicable to a motion to vacate a default judgment under section 2-1301(e) are inconsistent with the sale confirmation procedures set forth in section 15-1508(b) of the Foreclosure Law.

¶ 16     Generally, a liberal policy exists with respect to vacating defaults under section 2-1301(e). *In re Haley D.*, 2011 IL 110886, ¶ 69; 4 Richard A. Michael, Illinois Practice § 42:5, at 515 (2d ed. 2011) (the motion is "marked by a liberal policy toward the vacation of default judgments, and imposes few requirements to sustain a determination in the defendant's favor"). A default has been described as an action taken to punish for disobeying the court's command and "should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand." *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill. App. 2d 102, 109 (1960). As this court has observed, when a court is presented with a request to set aside a default, the overriding question is "whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits." *Haley D.*, 2011 IL 110886, ¶ 69. Although relevant, the party need not necessarily show a meritorious defense and a reasonable excuse for failing to timely assert such defense. *Id.* ¶ 57. "What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome." *Widicus*, 26 Ill. App. 2d at 109.

¶ 17     In the context of a typical motion to vacate a default, the plaintiff files a cause of action, the defendant fails to appear or otherwise plead, and the court ultimately enters a default judgment. Within 30 days of its issuance, the defendant moves to vacate it. In exercising its discretion, the court balances the severity of the penalty and the attendant hardship on the plaintiff if required to proceed to a trial on the merits. See, *e.g.*, *Venzor v. Carmen's Pizza Corp.*, 235 Ill. App. 3d 1053, 1057-58 (1992).

¶ 18     Nevertheless, a party seeking to vacate a default judgment of foreclosure after the judicial sale of the mortgaged property necessarily must also seek to set aside the judicial sale. Under the Foreclosure Law, after a judicial sale and a motion to confirm the sale has been filed, the court's discretion to vacate the sale is governed by the mandatory provisions of section 15-1508(b). See *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 179 (2008) (holding that the court's exercise of discretion under the mandatory terms of section 15-1508(b) is triggered when invoked by a motion to confirm the sale). Pursuant to section 15-1508(b), upon motion and notice, the court *shall* confirm the sale unless the court finds that: (i) proper notice of the sale was not given; (ii) the terms of the sale were unconscionable; (iii) the sale was conducted fraudulently; or (iv) justice was otherwise not done. 735 ILCS 5/15-1508(b) (West 2010). Thus, a party seeking to set aside the sale at that point is limited to the three specified grounds related to defects in the sale proceedings, or to the fourth ground, that "justice was otherwise not done." 735 ILCS 5/15-1508(b) (West 2010).

¶ 19     What constitutes an injustice under section 15-1508(b)(iv) is not expressly defined in the

statute. 735 ILCS 5/15-1508(b)(iv) (West 2010). This court has not had occasion to construe the extent of the trial court's discretion under the justice provision or the standards by which the court assesses whether justice was done in this context. Nevertheless, it appears to merely codify the long-standing discretion of the courts of equity to refuse to confirm a judicial sale. See *Levy v. Broadway-Carmen Building Corp.*, 366 Ill. 279, 288 (1937). Long before the codification of the Foreclosure Law, courts have retained the power to vacate a sale where unfairness is shown that is prejudicial to an interested party. *Evans v. Hunold*, 393 Ill. 195, 199 (1946) ("Where fraud or unfairness is shown from any source which operates to the prejudice of an interested party, a court of chancery is abundantly justified in refusing to approve a sale."). However, the contours of that discretion have been described as "not a mere arbitrary discretion but must be exercised in accordance with established principles of law." *Shultz v. Milburn*, 366 Ill. 400, 403 (1937). It was explained that in the absence of fraud or irregularity, courts would not refuse to confirm a judicial sale merely to protect an interested party "against the result of his own negligence." *Id.* at 405.

¶ 20    In the appellate court cases that have considered the justice provision under 15-1508(b)(iv), the court has balanced the interests of the parties and exercised its equitable authority to vacate a sale, applying traditional equitable principles. For example, in *Fleet Mortgage Corp. v. Deale*, 287 Ill. App. 3d 385 (1997), the court found that where the lender mistakenly proceeded with a foreclosure sale after the borrowers had exercised their right to redeem and sold the property to another party for the full judgment amount, the borrowers' right to redeem was impacted. After balancing the conflicting interests involved, the court held that the trial court did not err in finding that justice was not otherwise done where the lender's error prevented the borrowers from pursuing their redemption rights. *Id.* at 386-87. The court recognized the import of requiring stability in judicial sales, but found that interest could not be given ascendancy over protecting the redemption rights of the mortgagors. *Id.* at 389.

¶ 21    In *Commercial Credit Loans, Inc. v. Espinoza*, 293 Ill. App. 3d 923 (1997), the appellate court affirmed the trial court's finding that justice was not otherwise done where, coupled with a sales price that represented one-sixth of the property's proven, fair market value, the lender's conduct in repeatedly ignoring the borrower's requests about what steps she should take to redeem the property prevented her from pursuing her right to redeem. *Id.* at 927.

¶ 22    In both *Deale* and *Espinoza*, it was the lender's conduct that prevented the borrowers from protecting their interest in the property and affected their right to redeem the property, which underpinned the court's finding of injustice under section 15-1508(b). In contrast, the court in *Bayview Loan Servicing, LLC v. 2010 Real Estate Foreclosure, LLC*, 2013 IL App (1st) 120711, held that an intervenor did not meet its burden to show that justice was not done under section 15-1508(b) where its complained-of error was the result of the intervenor's own negligence. *Id.* ¶ 40.

¶ 23    Although in both a proceeding to vacate a default judgment under section 2-1301(e) and a section 15-1508(b) hearing, justice is the driving force; it is the nature, procedural posture, and the facts and circumstances of the case that inform the court's equitable discretion and understanding of whether justice is being done. Therefore, our consideration of whether a section 2-1301(e) proceeding is inconsistent with a section 15-1508(b) proceeding is

informed by the statutory framework of the Foreclosure Law, looking at the statute as a whole. *Wisnasky-Bettorf v. Pierce*, 2012 IL 111253, ¶ 16 (a statute should be evaluated as a whole and each provision should be construed in connection with every other section).

¶ 24 The General Assembly has set out a carefully crafted procedural process to balance the competing interests of the lender in enforcing its security interest as efficiently as possible, and the competing interests of the borrower in attempting to protect her equity in the property. Where a judgment of foreclosure is entered, the procedural framework culminates in the confirmation of sale and possession of the property. Each step in the foreclosure action seeks to "terminate legal and equitable interests in real estate" (735 ILCS 5/15-1203 (West 2010)), while additionally providing specific built-in protections to the borrower's equity in the property. These protections include time allotted for the right to reinstatement of the mortgage (735 ILCS 5/15-1602 (West 2010)), the equitable and statutory rights of redemption (735 ILCS 5/15-1603(b), 15-1605 (West 2010)), and notice of the judicial sale (735 ILCS 5/15-1507(c) (West 2010)). Once a judgment of foreclosure has been entered and the borrower's reinstatement and redemption rights have expired, the property shall be sold at a foreclosure sale unless the lender agrees to accept other terms. 735 ILCS 5/15-1603(h), 15-1507(a) (West 2010).

¶ 25 As this statutory framework reveals, once a motion to confirm the sale under section 15-1508(b) has been filed, the court has discretion to see that justice has been done, but the balance of interests has shifted between the parties. At this stage of the proceedings, objections to the confirmation under section 15-1508(b)(iv) cannot be based simply on a meritorious pleading defense to the underlying foreclosure complaint. To allow the borrower to utilize the standards of a section 2-1301(e) motion to both set aside the judicial sale and also unravel the underlying foreclosure judgment—after being given ample statutory opportunity to respond to the allegations of the complaint, and after being fully informed of the court process—would indeed be inconsistent with the need to establish stability in the judicial sale process. See *Household Bank*, 229 Ill. 2d at 181-82 (recognizing the need to promote stability in the conduct of judicial sales). Furthermore, it would allow the borrower to circumvent the time limitations for redemption and reinstatement and essentially allow for a revival of those provisions that is otherwise explicitly precluded by the Foreclosure Law. 735 ILCS 5/15-1603(c)(1) (West 2010) ("Once expired, the right of redemption *** shall not be revived.").[1] Rather, the justice provision under section 15-1508(b)(iv) acts as a safety valve to allow the court to vacate the judicial sale and, in rare cases, the underlying judgment, based on traditional equitable principles. Consequently, we find that the more liberal standards applicable to a motion to vacate a default judgment under section 2-1301(e)

---

[1]Additionally, we note that the new supreme court rules on mortgage foreclosure aim to alleviate many of the problems arising with regard to potential pleading defects in the underlying foreclosure proceeding, thereby resolving these issues at the earliest possible time. See, *e.g.*, Ill. S. Ct. R. 113(b) (eff. May 1, 2013) (requiring "a copy of the note, as it currently exists, including all indorsements and allonges," to be attached to the complaint at the time of filing); Ill. S. Ct. R. 113(c) (eff. May 1, 2013) (adopting new rules governing the form and content of the affidavit of indebtedness and providing a model prove-up affidavit).

are inconsistent with the more restrictive sale confirmation procedures set forth in section 15-1508(b) of the Foreclosure Law.

¶ 26    To vacate both the sale and the underlying default judgment of foreclosure, the borrower must not only have a meritorious defense to the underlying judgment, but must establish under section 15-1508(b)(iv) that justice was not otherwise done because either the lender, through fraud or misrepresentation, prevented the borrower from raising his meritorious defenses to the complaint at an earlier time in the proceedings, or the borrower has equitable defenses that reveal he was otherwise prevented from protecting his property interests. After a motion to confirm the sale has been filed, it is not sufficient under section 15-1508(b)(iv) to merely raise a meritorious defense to the complaint. See, *e.g.*, *Barnes*, 406 Ill. App. 3d at 4-5; *Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶ 26; *Deutsche Bank National Trust Co. v. Snick*, 2011 IL App (3d) 100436, ¶ 9 (court held it was far too late to assert the defense of standing where the plaintiff had already moved for confirmation of the judicial sale). This interpretation is consistent with the legislative policy of balancing the competing objectives of efficiency and stability in the sale process and fairness in protecting the borrower's equity in the property and preserving the integrity of the sale. *Household Bank*, 229 Ill. 2d at 181-82.

¶ 27    Accordingly, we hold that up until a motion to confirm the judicial sale is filed, a borrower may seek to vacate a default judgment of foreclosure under the standards set forth in section 2-1301(e). Traditional considerations of due diligence and whether there is a meritorious defense will remain relevant in the court's consideration of whether substantial justice has been done between the parties and whether it is reasonable to vacate the default. However, after a motion to confirm the judicial sale has been filed, a borrower seeking to set aside a default judgment of foreclosure may only do so by filing objections to the confirmation of the sale under the provisions of section 15-1508(b).

¶ 28    In reaching our holding, we find the appellate court misconstrued both *Barnes* and *Roberts*. In rejecting *Barnes*, the appellate court misread section 15-1107(a) of the Foreclosure Law, which provides that any inconsistent provisions of the Code shall not apply to the Foreclosure Law, as applying only to nonmortgage liens and encumbrances. 2012 IL App (2d) 110961, ¶ 12. Although the appellate court purported to follow *Roberts*, the court in *Roberts* was not asked to set aside the underlying judgment of foreclosure, or to consider the inconsistencies between a section 2-1301(e) proceeding and a section 15-1508(b) hearing. The court in *Roberts* ultimately remanded for a hearing under section 15-1508(b), which is consistent with our analysis today. *Roberts*, 292 Ill. App. 3d at 931-32.

¶ 29    After resolving the interplay between these two procedural statutes, we next apply the principles to the facts in this case. Here, the record reveals that McCluskey filed her motion to vacate the judgment of foreclosure on May 26, 2011, two weeks after the judicial sale. However, at the time she filed her motion, Wells Fargo had not yet sought to confirm the sale. Wells Fargo maintains that this fact should not change our analysis because it argues that the sale marks the point where the borrower is divested of her property rights and that once divested of those rights, it would be inconsistent with the Foreclosure Law to allow the borrower to vacate the underlying judgment of foreclosure. We disagree.

¶ 30 Section 15-1404 of the Foreclosure Law provides that the interests of the borrower are terminated by the judicial sale, "provided the sale is confirmed." 735 ILCS 5/15-1404 (West 2010). Thus, it is the confirmation of the sale that ultimately divests the borrower of her property rights. Where the mandatory provisions of section 15-1508(b) had not yet been triggered under the statute, it was not inconsistent with the Foreclosure Law for the court to entertain a motion to vacate the judgment of foreclosure under the standards of section 2-1301(e). See 735 ILCS 5/15-1107(a) (West 2010).

¶ 31 Nevertheless, even under the standards for vacating a default under section 2-1301(e), we find the circuit court did not err in denying McCluskey's motion. The record reveals that despite being properly served, as well as having notice of the default, notice of the judgment of foreclosure, and notice of the sale, McCluskey waited 10 months after the default judgment and after the sale to raise her pleading defenses for the first time. Moreover, she actively participated in the proceedings, admitting that she defaulted on the loan and seeking, through counsel, to stay the sale to negotiate a loan modification. Where she had ample opportunity to raise the alleged pleading defects, chose not to pursue them, actively participated in the proceedings, and admitted the default, the circuit court did not err in denying her motion to vacate the default judgment of foreclosure.

¶ 32                                                    CONCLUSION
¶ 33 For all of the foregoing reasons, we reverse the judgment of the appellate court and affirm the judgment of the circuit court.

¶ 34 Appellate court judgment reversed.
¶ 35 Circuit court judgment affirmed.