# Illinois Official Reports

## Appellate Court

---

### *Beal Bank v. Barrie*, 2015 IL App (1st) 133898

---

| | |
|---|---|
| Appellate Court Caption | BEAL BANK, Plaintiff-Appellee, v. ROSA BARRIE, Defendant-Appellant (LPP Mortgage, Ltd., Plaintiff). |
| | |
| District & No. | First District, Second Division<br>Docket No. 1-13-3898 |
| | |
| Filed | February 17, 2015 |
| Rehearing denied | March 17, 2015 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On defendant's appeal from orders of the trial court denying her motion under section 2-1301 of the Code of Civil Procedure to vacate a default judgment in a mortgage foreclosure action and the confirmation of a judicial sale based on her arguments that plaintiff mortgagor failed to send a grace period notice in compliance with section 15-1502.5 of the Illinois Mortgage Foreclosure Law, lacked standing to bring the suit, and did not have subject matter jurisdiction, the trial court's judgment was affirmed, since defendant did not raise her grace period defense until a month after plaintiff filed its motion to confirm the sale, she did not participate in her own case, she did not demonstrate any fraud or misrepresentation that prevented her from raising her defenses earlier, the alleged lack of grace period notice did not satisfy the grounds of section 15-1508(b) of the Act, and defendant's untimely standing claim was waived. |
| | |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-41250; the Hon. Darryl B. Simko, Judge, presiding. |
| | |
| Judgment | Affirmed. |

Counsel on
Appeal

Rosa Barrie, appellant *pro se*.

Codilis & Associates, P.C., of Burr Ridge (Louis J. Manetti, Jr., of counsel), for appellee.

Panel

JUSTICE LIU delivered the judgment of the court, with opinion. Presiding Justice Simon and Justice Neville concurred in the judgment and opinion.

## OPINION

¶ 1 Defendant, Rosa Barrie (Barrie), *pro se*, appeals from orders of the circuit court of Cook County denying her motion under section 2-1301 of the Code of Civil Procedure (735 ILCS 5/2-1301 (West 2012)) to vacate a default judgment in a mortgage foreclosure action and confirming the judicial sale. In her motion to vacate, Barrie argued that plaintiff, LPP Mortgage, Ltd. (LPP), failed to send a grace period notice in compliance with section 15-1502.5 of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1502.5 (West 2012)) and lacked standing to bring the suit. She also raises the argument, on appeal, that the circuit court lacked subject matter jurisdiction. We affirm.

¶ 2                                    BACKGROUND

¶ 3 In October 2002, Barrie executed a promissory note and mortgage on a residential property in favor of the lender and grantee, New Century Mortgage Corporation (New Century).[1] LPP subsequently acquired the note and mortgage. On November 14, 2012, LPP filed the underlying action, alleging that Barrie had defaulted on her monthly payment obligations under the note as of May 1, 2012. The City of Country Club Hills was named as a defendant for purposes of determining the priority of any subordinate liens against the property.

¶ 4 Barrie appeared in court on January 14, 2013 for the initial case management status hearing. She was given until February 11, 2013 to file her appearance and to answer or otherwise plead. Barrie failed to file either an appearance or any pleading until after the judicial sale of the subject property.

¶ 5            A. Default Order and Judgment of Foreclosure and Sale

¶ 6 LPP filed a motion for default and judgment of foreclosure and sale on February 11, 2013. On March 8, 2013, the court entered an order of default against Barrie and the City of

---

[1]The mortgage and various assignments of the mortgage identify the location of the property as "Maple Street." Other documents, including the modification executed on October 26, 2002, refer to "Maple Avenue." The discrepancy does not affect our disposition.

Country Club Hills and a judgment of foreclosure and sale. The judgment was based upon the amounts stated in LPP's prove-up affidavit, which was attached to the motion. Barrie was given 90 days from the date of the judgment to exercise her right of redemption.

¶ 7                              B. Motion to Confirm Sale

¶ 8        The property was sold at a judicial sale on September 3, 2013. Beal Bank, as the assignee of LPP's interests in the note and mortgage, made a full credit bid and purchased the property.[2] On September 11, Beal Bank filed its motion to confirm the sale.

¶ 9        Five days before the scheduled hearing on the motion to confirm the sale, Barrie's attorney filed his appearance in the case. According to the record, counsel's appearance was filed on September 26, 2013. However, a copy of the appearance was not served on Beal Bank's counsel until the next day (a Friday)–four days before the scheduled hearing.

¶ 10                        C. Motion to Vacate Default Judgment

¶ 11       On October 11, 2014, a month after the motion to confirm was filed and more than two weeks after her counsel first filed his appearance, Barrie filed her combined section 2-1301 motion to vacate the default and judgment and response to the motion to confirm. Barrie contended that the March 8 default order and judgment should be vacated because she had meritorious defenses to the lawsuit. She alleged that LPP (i) failed to send her the grace period notice required by section 15-1502.5 of the Foreclosure Law and (ii) lacked standing to bring the suit.

¶ 12       Barrie acknowledged that a notice of default dated June 7, 2012 had been sent to her by a party identified as MGCMortgage, Inc. (MGCMortgage), but she contended that this notice failed to comply with the specific language mandated under section 15-1502.5 for the statutory grace period notice. She further asserted that LPP lacked standing at the time it filed the suit because there was an insufficient chain of title establishing it as the mortgagee. Lastly, she asserted that confirmation of the sale would result in an injustice pursuant to section 15-1508(b) of the Foreclosure Law (735 ILCS 5/15-1508(b) (West 2012)).

¶ 13       On November 12, the circuit court denied Barrie's motion to vacate and granted Beal Bank's motion to confirm the sale.

¶ 14       Barrie timely appealed from the order confirming the sale. We therefore have jurisdiction pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. May 30, 2008).

¶ 15                                  ANALYSIS
¶ 16                        A. Subject Matter Jurisdiction
¶ 17       Defendant first contends that the circuit court lacked subject matter jurisdiction over this cause. The record indicates that defendant's jurisdictional objection is being presented for the first time on appeal; however, it is well settled that a party may raise a lack of subject matter jurisdiction at any time. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d

_____

[2]On May 7, 2013, the circuit court granted LPP's motion to substitute Beal Bank as the plaintiff, based on evidence of the assignments from LPP to Beal Nevada Corporation and Beal Bank.

325, 333-34 (2002). The issue of whether subject matter jurisdiction exists is a legal question, which we review *de novo*. *In re Luis R.*, 239 Ill. 2d 295, 299 (2010).

¶ 18    Barrie's *pro se* appellate brief does not fully elaborate on the rationale for her claim that the cause was not "justiciable." Nonetheless, we will address the argument in her brief that appears to be related to her claim of a lack of subject matter jurisdiction. Barrie contends that a document entitled "Title Summary" supports her claim that a party named Dovenmuehle Mortgage, Inc. (Dovenmuehle), was the owner of the subject mortgage "[l]iterally 12 days before Plaintiff filed the non-verified foreclosure complaint." Barrie maintains that no "interest was ever transferred to LPP" and that all orders entered by the circuit court are therefore "void for lack of justiciability."

¶ 19    "Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceeding in question belongs." (Internal quotation marks omitted.) *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 27 (quoting *In re M.W.*, 232 Ill. 2d 408, 415 (2009)). "Under the Illinois Constitution of 1970, the circuit courts have original jurisdiction of all justiciable matters except where [the supreme] court has exclusive and original jurisdiction relating to the redistricting of the General Assembly and the ability of the Governor to serve or resume office." *Id.* (citing Ill. Const. 1970, art. VI, § 9).

¶ 20    Our supreme court has explained what constitutes a justiciable matter:

> "Generally speaking, a 'justiciable matter' is 'a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests.' [Citation.] To invoke a circuit court's subject matter jurisdiction, a petition or complaint need only 'alleg[e] the existence of a justiciable matter.' [Citation.] Indeed, even a defectively stated claim is sufficient to invoke the court's subject matter jurisdiction, as '[s]ubject matter jurisdiction does not depend upon the legal sufficiency of the pleadings.' [Citation.] In other words, the *only* consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine. If it does, then subject matter jurisdiction is present." (Emphasis in original.) *Luis R.*, 239 Ill. 2d at 301.

¶ 21    Here, there can be no dispute that the circuit court had the power to hear and enter dispositions on the foreclosure complaint brought by LPP. See 735 ILCS 5/15-1101 *et seq.* (West 2012). To the extent Barrie asserts that the court lacked subject matter jurisdiction because LPP's complaint was legally deficient at the time it was filed, purportedly because it did not hold the mortgage, we disagree. Based upon our reading of *Luis R*, legal deficiencies in an action, alone, are not enough to divest a court of subject matter jurisdiction. As our supreme court stated, "the *only* consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine." (Emphasis in original.) *Luis R.*, 239 Ill. 2d at 301. Under the circumstances, we reject Barrie's claim that the circuit court lacked subject matter jurisdiction. See *id.*

¶ 22                          B. Motion to Vacate Default and Judgment

¶ 23    Barrie contends that the circuit court also abused its discretion in denying her motion to vacate the judgment of foreclosure and sale. We review the circuit court's denial of a motion

- 4 -

to vacate for an abuse of discretion. *Standard Bank & Trust Co. v. Madonia*, 2011 IL App (1st) 103516, ¶ 8; *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008) (noting that "[a] court's decision to confirm or reject a judicial sale under [section 15-1508 of the Foreclosure Law] will not be disturbed absent an abuse of *** discretion").

¶ 24    Beal Bank maintains that Barrie's motion to vacate was untimely under *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469. Additionally, it argues that Barrie failed to satisfy any of the grounds stated in section 15-1508(b) of the Foreclosure Law (735 ILCS 5/15-1508(b) (West 2012)) that allow a court to set aside a judicial sale or to deny confirmation of the sale.

¶ 25    In *McCluskey,* our supreme court held that "up until a motion to confirm the judicial sale is filed, a borrower may seek to vacate a default judgment of foreclosure under the standards set forth in section 2-1301(e)." *McCluskey*, 2013 IL 115469, ¶ 27. "However, after a motion to confirm the judicial sale has been filed, a borrower seeking to set aside a default judgment of foreclosure may only do so by filing objections to the confirmation of the sale under the provisions of section 15-1508(b)." *Id.*

¶ 26    Beal Bank filed its motion to confirm the sale on September 11, 2013. Barrie did not file her section 2-1301 motion to vacate the default judgment until October 11, 2013, 30 days later. Under *McCluskey*, once Beal Bank filed its motion to confirm the sale, Barrie's request for relief from the sale and any default judgment was limited to the grounds set forth in section 15-1508(b). We therefore address whether there is a basis to deny confirmation under this section.

¶ 27                              C. Relief Under Section 15-1508(b)

¶ 28    Section 15-1508(b) of the Foreclosure Law provides, in relevant part:

"Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale." 735 ILCS 5/15-1508(b) (West 2012).

It is clear from the plain language of this section that the court is required to confirm a sale upon a hearing *unless* it finds that at least one of the foregoing four grounds for denial exists. Accordingly, the party seeking to avoid confirmation of the sale has the burden of showing why the circumstances of the case fall within section 15-1508(b).

¶ 29    Here, Barrie did not offer the circuit court any evidence demonstrating that Beal Bank failed to give requisite notice of the sale under section 15-1507, that the terms of the September 3, 2013 sale were unconscionable, or that the sale was conducted fraudulently, pursuant to section 15-1508(b)(i), (ii), and (iii). Instead, in response to the motion to confirm, Barrie alleges that "injustice is present here" because "the record reveals that Plaintiff unequivocally failed to give statutory grace period notice." We therefore consider Barrie's argument within the framework of section 15-1508(b)(iv) only, which requires a showing that "justice was not otherwise done." 735 ILCS 5/15-1508(b)(iv) (West 2012).

¶ 30    Our supreme court has explained that, once a motion to confirm has been filed, a borrower seeking relief from a default judgment and sale pursuant to section 15-1508(b)(iv) must demonstrate "either the lender, through fraud or misrepresentation, prevented the borrower from raising his meritorious defenses to the complaint at an earlier time in the proceedings, or the borrower has equitable defenses that reveal he was otherwise prevented from protecting his property interests." *McCluskey*, 2013 IL 115469, ¶ 26.

¶ 31    Barrie cites to the recent decision of *Bank of America, N.A. v. Adeyiga*, 2014 IL App (1st) 131252, in support of her claim that justice was not otherwise done. In *Adeyiga*, a mortgage foreclosure case, the plaintiff moved for summary judgment after one of the defendants filed an answer. *Adeyiga*, 2014 IL App (1st) 131252, ¶¶ 14, 20. The defendants filed a response to the summary judgment motion and a section 2-619 motion to dismiss the complaint, alleging "that the Bank had not met its burden of proof to show that it had mailed a grace period notice prior to the filing of the complaint." *Id.* ¶ 26. Attached to the defendants' pleading were affidavits in which they averred that they did not receive the statutory grace period notice required under section 15-1502.5 of the Foreclosure Law. *Id.* The plaintiff, in reply, did not deny that it failed to send the grace period notice; instead, it argued that the defendants had admitted to receiving the grace period notice where they did not raise the failure to send such notice as an affirmative defense. *Id.* ¶ 31.

¶ 32    Ultimately, the circuit court denied the defendants' motion to dismiss and awarded the plaintiff summary judgment and judgment of foreclosure and sale. *Id.* ¶ 33. The court found that where the plaintiff used the "form complaint" provided for in section 15-1504(a) of the Foreclosure Law, "the complaint included the 'deemed' allegation that 'other notices required to be given' had been given." *Id.* ¶ 36. The defendants appealed, arguing that the circuit court erred in finding that they had admitted receiving a grace period notice merely because they did not deny it in their answer. *Id.* ¶ 84.

¶ 33    The reviewing panel in *Adeyiga* undertook an extensive analysis of the relevant statutory provisions and agreed with the defendants' argument. *Id.* ¶¶ 97-112. It concluded that "the trial court erred as a matter of law when it deemed that [the defendants] admitted to receiving the grace period notice, even though the Bank never showed evidence that it mailed or served a notice." *Id.* ¶ 112. Consequently, the cause was remanded for an evidentiary hearing so that the circuit court could determine whether the statutory grace period notice was sent by the Bank and whether the Bank waited the requisite amount of time before filing suit. *Id.*

¶ 34    We find the procedural posture of the instant case to be significantly different from that of *Adeyiga*. In *Adeyiga*, the defendants raised their grace period notice defense prior to the entry of a judgment of foreclosure and sale, sale of the property, expiration of the redemption period following sale, and most crucially, before a motion to confirm the sale was filed. One of the defendants in *Adeyiga* filed his appearance and answer within 14 days of being served with the complaint and summons, and he filed his amended answer, affirmative defenses and counterclaim a little over a month later. *Id.* ¶¶ 14-15. The defendants raised their grace period notice challenge within 60 days after the plaintiff filed its motion for summary judgment, in both their response to the motion and their motion to dismiss the complaint. *Id.* ¶¶ 25-26. In all instances, the defendants sought relief before the plaintiff filed its motion to confirm the sale.

¶ 35    In contrast, here, Barrie did not raise her grace period notice defense at any time during the underlying proceedings until a month after Beal Bank filed its motion to confirm the sale.

Further, unlike the defendants in *Adeyiga*, Barrie did not participate in her own case by filing an appearance or any pleading between January 14, 2013, the date she attended the initial case management hearing, until October 11, 2013, a month after Beal Bank filed its motion to confirm the sale. Therefore, our review of the circuit court's orders is confined to an analysis of whether the court abused its discretion when it confirmed the sale pursuant to section 15-1508(b).

¶ 36    Barrie has not pointed to anything in the record to demonstrate that there was any fraud or misrepresentation that prevented her from raising her defenses earlier, or that an equitable defense exists because she was otherwise prevented from protecting her property interests. *McCluskey*, 2013 IL 115469, ¶ 26. She has not shown that there was any fraud in this case where she merely alleged that the bank failed to send grace period notice. She has also not shown that she has an equitable defense because lack of grace period notice represents a statutory, rather than equitable, defense. Under the circumstances, we find *Adeyiga* distinguishable and conclude that the alleged lack of grace period notice did not satisfy the grounds of section 15-1508(b).

¶ 37    We note that the *Adeyiga* decision contains language suggesting that where the plaintiff failed to send the grace period notice more than 30 days prior to filing suit, "mortgagors have been 'prevented from protecting their property interests,' and justice has not been done under subsection 15-1508(b)(iv) of the Foreclosure Law." *Adeyiga*, 2014 IL App (1st) 131252, ¶ 124. Our supreme court has expressly ruled that "[a]fter a motion to confirm the sale has been filed, it is not sufficient under section 15-1508(b)(iv) to merely raise a meritorious defense to the complaint." *McCluskey*, 2013 IL 115469, ¶ 26. We offer no opinion as to whether *Adeyiga* is properly aligned with *McCluskey* regarding the interpretation of section 15-1508(b)(iv), which requires a showing that "justice was otherwise not done." 735 ILCS 5/15-1508(b)(iv) (West 2012). Instead, we adhere to the analysis set forth in *McCluskey* and find that section 15-1508(b)(iv) is not satisfied because Barrie presented no arguments as to any fraud or misrepresentation that prevented her from raising her defenses earlier, nor did she assert any equitable defenses that reveal she was prevented from protecting her property interests. *Id.*

¶ 38    We further find no merit in Barrie's claim that LPP lacked standing at the time it filed the complaint. The record shows that copies of two recorded assignments were attached to LPP's motion for default and judgment of foreclosure and sale at the time it filed its motion. The assignments indicate that the subject mortgage was assigned by New Century to Deutsche Bank Structured Products (DBSP), and then later assigned by DBSP to LPP.

¶ 39    Lack of standing is an affirmative defense that must be pleaded in the answer or responsive pleading. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010) (noting that "lack of standing is an affirmative defense, which is the defendant's burden to plead and prove"). Moreover, "lack of standing in a civil case is an affirmative defense, which will be waived if not raised in a timely fashion in the trial court." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988). Barrie failed to file any answer, responsive pleading or affirmative defenses in the lawsuit. She never raised a challenge to standing until after Beal Bank filed its motion to confirm the sale. Barrie's untimely standing claim is waived. Even if this argument was not waived, it would still fail under section 15-1508(b). Her claim that LPP lacked standing is nothing more than an allegedly

meritorious defense that, by itself, does not satisfy any of the grounds of section 15-1508(b). *DLJ Mortgage Capital, Inc. v. Frederick*, 2014 IL App (1st) 123176, ¶ 18.

¶ 40                                    CONCLUSION
¶ 41        For the reasons stated, we affirm the judgment of the circuit court.

¶ 42        Affirmed.