2015 IL App (1st) 140999

THIRD DIVISION
September 23, 2015

No. 1-14-0999

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | 11 CH 39300 |
| | ) | |
| LAURA LEIDING, | ) | Honorable |
| | ) | Daniel J. Brennan, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE MASON delivered the judgment of the court, with opinion. Justices Hyman and Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1　　Defendant Laura Leiding appeals from an order confirming the judicial sale of residential property located in Chicago, Illinois. The sole issue Leiding raises on appeal is whether GMAC Mortgage, LLC's sale of the loan to Ocwen Loan Servicing, LLC between the date the judgment of foreclosure was entered and the date the sale was conducted, without substituting Ocwen as the plaintiff until after the date of the sale entitles her to relief from the order confirming the sale. Finding no error, we affirm.

¶ 2　　We note that Leiding's brief fails to comply with Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013). Apart from a citation to a case pertaining to the standard of review, Leiding's brief contains no citations to authorities, nor does it adequately develop any argument regarding any provision of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2010)), which she claims entitles her to relief. Although we could refuse to consider Leiding's appeal for this reason alone, we will address the single issue she raises as it is readily apparent that it is completely without merit.

¶ 3        Leiding's only contention is that GMAC's failure to file a motion to substitute Ocwen as the plaintiff in the pending foreclosure proceeding prior to the judicial sale invalidated the sale because Ocwen's opening bid was not by the "plaintiff" in the case as provided in the judgment of foreclosure. After it purchased the loan from GMAC, Ocwen appeared at the judicial sale and bid the amount of the indebtedness as an opening bid. The property was ultimately sold to third parties for $264,000, the highest amount bid at the sale.

¶ 4        Under the Illinois Mortgage Foreclosure Law, in considering a motion to confirm a judicial sale of property, unless the court finds that notice of the sale was not given, the terms of the sale were unconscionable, the sale was conducted fraudulently or justice was otherwise not done, the sale must be confirmed. 735 ILCS 5/15-1508(b) (West 2010); *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 18. GMAC's failure to substitute Ocwen as a party-plaintiff in the foreclosure proceedings does not fall into any of the foregoing categories. In particular, the fact that Ocwen had not yet been substituted in the caption of the foreclosure complaint as the plaintiff had absolutely no effect on the manner in which the sale was conducted and Leiding does not articulate how this claimed defect prejudiced her in any way. See *id*. ¶ 26 (a party must satisfy section 15-1508(b) and may not merely raise a meritorious defense after a motion to confirm the sale has been filed). Given that the property was sold to third parties who submitted the highest bid, we find no basis to disturb the trial court's order confirming the sale. See *id*. ¶ 25 (acknowledging the need for stability in the judicial sale process).

¶ 5        In light of the lack of merit in any issue raised and, for that matter, considering the absence of any meaningful argument advanced on appeal, counsel for defendant is directed to show cause why this court should not sanction him pursuant to Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). Counsel's response shall be filed within 14 days of the date of this order.

¶ 6        Affirmed in accordance with Illinois Supreme Court Rule 23(c)(4), (5), (7) (eff. July 1, 2011).

¶ 7        Affirmed.