2023 IL App (2d) 220270-U
No. 2-22-0270
Order filed March 20, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| TOWER LOAN of ILLINOIS, LLC, d/b/a Tower Loan of Waukegan, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 21-SC-5433 |
| RICARDO AGUILAR, | ) ) ) | Honorable Christopher B. Morozin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court properly denied defendant's motion to vacate the default judgment entered when he failed to appear at trial. Although defendant was in Mexico when the summons was served at his domestic address, he appeared by Zoom at the first hearing. He gave no reasonable explanation why he did not appear subsequently in the case. Also, defendant failed to show that he had a meritorious defense to the action.

¶ 2     Defendant, Ricardo Aguilar, appeals *pro se* from the denial of his motion to vacate a default judgment, contending that the trial court abused its discretion when it did not allow him to present a defense or submit evidence as to why he failed to appear. Because the court did not abuse its discretion, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Plaintiff, Tower Loan of Illinois, LLC, d/b/a Tower Loan of Waukegan, filed a small claims complaint against defendant, alleging that he defaulted on a consumer loan and seeking approximately $2100 in damages plus attorney fees and costs. On January 4, 2022, the complaint and summons were served on defendant via substitute service at his home in Round Lake Heights. The summons directed defendant to appear on January 18, 2022.

¶ 5        At the hearing on January 18, 2022, defendant appeared via Zoom. The trial court set the matter for trial on March 2, 2022, and ordered defendant to file a written appearance no later than February 23, 2022. Plaintiff's counsel subsequently mailed a notice of the March 2, 2022, trial date to defendant at his Round Lake Heights address.

¶ 6        Defendant did not file a written appearance as ordered on January 18, 2022. Nor did he appear in person or via Zoom on March 2, 2022. On March 2, 2022, the trial court reset the trial for March 16, 2022, and ordered defendant to file a written appearance by March 14, 2022. The court directed the clerk to mail a copy of the March 2, 2022, order to defendant at his Round Lake Heights address. On March 8, 2022, plaintiff's counsel mailed a copy of the March 2, 2022, order to defendant at his Round Lake Heights address.

¶ 7        Defendant did not file a written appearance as ordered on March 2, 2022. On March 16, 2022, defendant did not appear for trial in person or via Zoom. Noting that defendant was not present and had failed to file a written appearance as ordered on March 2, 2022, the trial court entered a default judgment in favor of plaintiff for $2090 plus $283.48 in court costs, totaling $2373.48.

¶ 8        On March 28, 2022, defendant filed a *pro se* motion, pursuant to section 2-1301 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301 (West 2020)), to vacate or modify the March

16, 2022, judgment. Also, on March 28, 2022, defendant filed his written appearance. In his motion to vacate, defendant asserted that he did not attend the March 2, 2022, hearing, because he was in Mexico caring for his sick mother. He further stated that he first learned of the default judgment on March 10, 2022.

¶ 9     On May 11, 2022, the trial court ordered plaintiff to file a response to the motion to vacate and defendant to file a reply. The court set the matter for a hearing on July 11, 2022.

¶ 10     On May 26, 2022, plaintiff filed its response, asserting that defendant did not support his motion to vacate with any evidence showing that he was out of the country. Plaintiff further asserted that defendant was present via Zoom at the January 18, 2022, hearing and was thus fully aware of the need to file a written appearance and of the original March 2, 2022, trial date. Finally, plaintiff contended that, because defendant had eventually filed an appearance and a motion to vacate, he could have filed a timely appearance or sought an extension of the appearance deadline or the trial date.

¶ 11     On June 2, 2022, defendant filed his reply, stating that he had been in Mexico from December 21, 2021, until March 8, 2022. He claimed that "there was no way for [him] to neither [*sic*] read or answer [the summons] due to the fact that [he] was not present nor [had] access to such legal disposition while being in Mexico[.]" He attached to the reply (1) a copy of his travel itinerary showing that he flew to Mexico on December 21, 2021, (2) a copy of an airline ticket showing that he flew from Texas to Chicago on March 8, 2022, and (3) a copy of what appeared to be a doctor's note, dated April 2022. The note was written in Spanish but included an English translation stating that defendant's mother was 81 years old, had a clinical history of high blood pressure and cardiac arrythmia, and had suffered an ischemic stroke on August 25, 2021.

¶ 12    On July 11, 2022, the trial court conducted a hearing on defendant's motion to vacate. Plaintiff and defendant were present via Zoom. A bystander's report (see Ill. S. Ct. R. 323(c) (eff. July 1, 2017)) of the hearing states that the trial court took "no more than five minutes" to review the filings before asking defendant if he had anything to add. Defendant asserted that, despite being present at the January 18, 2022, hearing and directed to appear at the March 2, 2022, trial, he "didn't have the means nor the ability" to appear on March 2, 2022, because he was in Mexico caring for his sick mother. The trial court found that defendant knew of the trial date and neither appeared nor did anything else regarding the case. The court commented that "normally it would grant such a motion; however, [defendant] appeared via Zoom on January 18, 2022[,] when the original trial date was set; and was given time to file an Appearance." The court added that, although defendant was given additional time to file a written appearance and appear for trial, he did neither. Thus, the court denied defendant's motion to vacate the default judgment. Defendant, in turn, filed this timely appeal.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, defendant, *pro se*, contends that the trial court abused its discretion in denying his motion to vacate because it neither allowed him to present a defense nor considered the evidence he submitted to support his claim that he was unable to file an appearance or attend the trial because he was in Mexico tending to his sick mother.

¶ 15    Section 2-1301(e) of the Code provides: "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2020). There is a liberal policy regarding vacating default judgments under section 2-1301(e). *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 16. The

overriding consideration in ruling on such a motion is whether substantial justice has been done between the litigants and whether it is reasonable to compel the other party to go to trial on the merits. *McCluskey*, 2013 IL 115469, ¶ 16. In determining whether substantial justice will be achieved, considerations include (1) a party's diligence or lack thereof, (2) whether the party has a meritorious defense, (3) the severity of the resulting penalty, and (4) the relative hardships on the parties. *Draper & Kramer, Inc. v. King*, 2014 IL App (1st) 132073, ¶ 23. "Although relevant, the party need not necessarily show a meritorious defense and a reasonable excuse for failing to timely assert such defense." *McCluskey*, 2013 IL 115469, ¶ 16. " 'What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome.' " *McCluskey*, 2013 IL 115469, ¶ 16 (quoting *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill. App. 2d 102, 109 (1960)). Whether to grant or deny a motion to vacate a default judgment is within the trial court's sound discretion, and we will not reverse the court's ruling unless it has abused its discretion. *Glover v. Fitch*, 2015 IL App (1st) 130827, ¶ 29. A trial court abuses its discretion only where no reasonable person would take the trial court's view, meaning that the court acted arbitrarily or ignored recognized legal principles. *Glover*, 2015 IL App (1st) 130827, ¶ 29.

¶ 16    Here, although defendant was in Mexico on January 4, 2022, and claimed below that he had no way to "read or answer" the summons served that day, he did not claim that service was deficient or that he was not notified of the January 18, 2022, hearing. Indeed, he attended the January 18, 2022, hearing via Zoom. Thus, he was aware of the original March 2, 2022, trial date and the need to file a written appearance. When defendant did not appear at the March 2, 2022, trial, the court continued it to March 16, 2022, and gave defendant until March 14, 2022, to file his appearance. Defendant does not contend that he was not notified of either of those two dates.

¶ 17    Although defendant asserts that he was unable to file a written appearance or attend the trial because he was in Mexico, he does not explain why—after attending the January 18, 2022, hearing via Zoom—he could not later attend via Zoom the original March 2, 2022, trial or the rescheduled March 16, 2022, trial. Further, we observe that defendant returned home from Mexico on March 8, 2022. This raises the question of why he could not file his appearance and attend the March 16, 2022, trial or, at the very least, seek a continuance. We also find it curious that, in his motion to vacate the default judgment, defendant stated that he learned of the default on March 10, 2022, although the default judgment was not entered until March 16, 2022. Accordingly, we conclude that defendant's explanation for failing to file a written appearance and attend the scheduled trial is questionable and insufficient to justify relief under section 2-1301(e).

¶ 18    We further note that defendant's motion to vacate failed to identify a meritorious defense to plaintiff's claim. Although that fact is not dispositive, it is a relevant consideration supporting the denial of his motion to vacate. See *McCluskey*, 2013 IL 115469, ¶ 16. We also note that the bystander's report does not support defendant's assertion that the trial court gave him no chance to articulate a defense at the hearing. When the court asked defendant what he wished to add beyond the arguments in his motion, defendant addressed only why he failed to appear at trial in the case.

¶ 19    Given that defendant (1) failed to show that he was unaware of the scheduled trial date and the need to file an appearance, (2) failed to establish a reasonable explanation for his failure to attend the trial, and (3) failed to offer a meritorious defense to the claim, we cannot say that the trial court abused its discretion in denying the section 2-1301 motion to vacate the default judgment.

¶ 20                                    III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 22    Affirmed.